UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARLES HARRISON,

               Plaintiff,

-against-

RAYMOND J. CUNNINGHAM,

               Defendant.

------------------------------------------------------------X

**MEMORANDUM & ORDER**

**07-CV-4077 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner pro se Charles Harrison ("Harrison") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his February 7, 2003 conviction for criminal possession in the third degree, possession of a defaced firearm, and possession of a loaded firearm in New York State Supreme Court, Nassau County. (Pet. (Docket Entry # 1).) The court conditionally grants Harrison's petition, as discussed below.

**I.    BACKGROUND**

On October 21, 2001, Harrison attended a party at 45 Jackson Street, Hempstead, New York, with his friends Angelo Brown ("Brown") and Hakeem Edwards ("Edwards"). Trial Tr. at 241, People v. Harrison, Ind. No. 258N-2002 (N.Y. Sup. Ct., Nassau Cnty. Sept. 12, 2002). Hempstead Village Police Officer Steven Wilson ("Officer Wilson") responded to a disturbance in a parking lot outside that location between 5:30 and 6:00 a.m. Id. at 120. On the scene, Officer Wilson saw a group of individuals, including an individual who resembled Harrison, having an argument. Id. at 122-23. Officer Wilson saw that the individual who resembled Harrison had a "dark object in his hand." Id. at 122. At some point, a member of the group alerted the others that the police were on the scene, the individual threw the object underneath a car, and the group dispersed. Id. at 123. Officer Wilson then retrieved the item from beneath the

1

car and found it be to a gun. Id. at 124-25. Officer Wilson further saw that the gun was loaded and its serial number had been defaced. Id. at 126-27. Officer Wilson then waited for backup and arrested Harrison just outside of 45 Jackson Street. Id. at 126.

On February 5, 2002, the People filed an indictment against Harrison, charging him with criminal possession in the third degree, possession of a defaced firearm, and possession of a loaded firearm. Indictment, People v. Harrison, Ind. No. 258N-2002 (N.Y. Sup. Ct., Nassau Cnty. Feb. 5, 2002). Trial was held on September 10 and 12, 2002. See Trial Tr.

At trial, Harrison's counsel submitted an offer of proof that Brown and Edwards would testify as witnesses. Id. at 225. Harrison's counsel sought Brown's and Edwards's testimony to prove that Harrison was inside the party at 45 Jackson Street at the time Officer Wilson witnessed an individual throw a gun under a car; that two individuals entered the party as police backup approached the location; and that Officer Wilson mistakenly arrested Harrison as he was exiting the party with Brown and Edwards. Id. at 226-27. The People argued Brown and Edwards should be characterized as alibi witnesses because the purpose of their testimony was to prove that Harrison was inside 45 Jackson Street—rather than in the parking lot outside—at the time Officer Wilson saw the individual throw the gun underneath the car. Id. at 228. The People further argued that because Harrison's counsel did not timely notify the People of Brown's and Edwards's testimony, the court should preclude their testimony under New York Criminal Procedure Law § 250.20(3). Id. at 229-30. After hearing argument from both parties, the trial court characterized Edwards and Brown as alibi witnesses and precluded their testimony under § 250.20(3). Id. at 236-37.

On September 19, 2002, the jury returned guilty verdicts on all counts. Trial Tr. at 120. On November 26, 2002, Harrison moved to set aside the jury's verdict under New York Criminal

Procedure Law § 330.30, alleging that the trial court erred when it prevented him from producing two witnesses at trial. (See App'x (Docket Entry # 1-3) at 3.) On January 14, 2003, the trial court denied Harrison's motion. Order, People v. Harrison, Ind. No. 258N-2002 (N.Y. Sup. Ct., Nassau Cnty. Jan. 14, 2003). On February 7, 2003, the court sentenced Harrison to six to seven years' imprisonment, $3,210.00 in fines and fees, and five years of post-release supervision. Sentencing Tr., People v. Harrison, Ind. No. 258N-2002 (N.Y. Sup. Ct., Nassau Cnty. Feb. 7, 2003).

On September 1, 2005, Harrison directly appealed his conviction to the New York Supreme Court Appellate Division, Second Department. (Connell Decl. (Docket Entry # 7) ¶ 5.) On April 11, 2006, the Second Department denied Harrison's appeal. People v. Harrison, 813 N.Y.S.2d 204 (2d Dep't 2006). On May 12, 2006, Harrison filed for leave to appeal the Second Department's ruling to the New York Court of Appeals. (App'x at 69.) On July 12, 2006, the Court of Appeals denied Harrison's request for leave to appeal. People v. Harrison, 7 N.Y.3d 790 (2006). On March 21, 2007, Harrison applied for a writ of coram nobis in the Second Department on the ground that he received ineffective assistance of appellate counsel. (App'x at 76.) On June 26, 2007, the Second Department denied Harrison's application. People v. Harrison, 837 N.Y.S.2d 588 (2d Dep't 2007). Harrison did not seek to appeal the Second Department's ruling to the New York Court of Appeals. Harrison filed the instant petition on September 24, 2007. (See Pet.)

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Determinations of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. § 2254(e)(1).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan v. Kuhlman, 261 F.3d 303, 313 (2d Cir. 2001). A decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A decision is "an unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. For relief to be warranted, the "state court's application of governing federal law . . . must be shown to be not only erroneous, but objectively unreasonable." Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009) (internal quotation marks omitted).

In assessing "clearly established" federal law, a federal district court must confine itself to the holdings, as opposed to the dicta, of the Supreme Court. See Carey v. Musladin, 549 U.S. 70, 74 (2006). Moreover, "Musladin admonishes courts to read the Supreme Court's holdings narrowly and to disregard as dicta for habeas purposes much of the underlying logic and rationale of the high court's decisions." Rodriquez v. Miller, 499 F.3d 136, 140 (2d Cir. 2007);

see also Yarborough v. Alvarado, 541 U.S. 652, 660-61 (2004). ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations.").

A pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). "If a pro se litigant pleads facts that would entitle him to relief, that petition should not be dismissed because the litigant did not correctly identify the statute or rule of law that provides the relief he seeks." Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008).

## III. DISCUSSION

### A. Preclusion of Alibi Witness Testimony

Harrison argues that the state court wrongly characterized Edwards and Brown as alibi witnesses, and wrongfully precluded him from calling Edwards and Brown in his defense. (Pet. at 4.) Construed liberally, Harrison's petition asserts that this violated his right to compulsory process under the Sixth Amendment to the U.S. Constitution. See id.

#### 1. Characterization of Edwards and Brown as Alibi Witnesses

Where a habeas petitioner complains that the state court erred in determining an issue of state law that presents no federal constitutional claim, the court lacks jurisdiction over that aspect of the habeas petition. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (internal citations omitted); see also Mannix v. Phillips, 619 F.3d 187, 199 (2d Cir. 2010) (applying Estrelle post-AEDPA). Even construed liberally, Harrison's complaint that the state courts mischaracterized Edwards and Brown as alibi witnesses under New York Criminal Procedure Law § 250.20 does not raise a federal

constitutional claim. Therefore, the court lacks jurisdiction over this aspect of Harrison's habeas petition.

## 2. Exclusion of Edwards's and Brown's Testimony

Harrison also claims that the state court improperly excluded Edwards and Brown as alibi witnesses in violation of his Sixth Amendment right to compulsory process. (See Pet. at 4.) Section 250.20(1) allows the People to demand a "notice of alibi" within twenty days of the defendant's arraignment, stating "the names, the residential addresses, the places of employment and the addresses thereof of every such alibi witness." "If at the trial the defendant calls such an alibi witness without having served the demanded notice of alibi . . . the court may exclude any testimony of such witness relating to the alibi defense." N.Y. Crim. Proc. Law § 250.20(3).

At trial, the People stated that they had served Harrison's counsel with their notice of alibi when the indictment was filed in February 2002. Trial Tr. at 229. Around July 2002, Harrison changed counsel. Id. at 226. Trial commenced in September 2002. See id. Despite the People's demand for a notice of alibi, Harrison's defense counsel did not provide the People with a notice of alibi for either Edwards or Brown until immediately before trial. See id. at 230. Defense counsel offered no reason for the delay other than the fact that he "was retained six weeks or two months ago." See id. at 226. After a hearing, the trial court found that the defense's intention to call Edwards and Brown was improperly noticed, and consequently barred Edwards and Brown from testifying. See id. at 237. On appeal, the Second Department affirmed the trial court's bar on allowing Edwards and Brown to testify, stating that "[t]he trial court properly precluded alibi testimony where the defendant failed to demonstrate good cause for his untimely alibi notice," and cited § 250.20. Harrison, 813 N.Y.S.2d at 205.

Although the Second Department did not discuss Harrison's constitutional claims, "[i]f any reasonable ground was available, we must assume the court relied on it." Wade v. Herbert,

391 F.3d 135, 142 (2d Cir. 2004) (citing Brown v. Artuz, 283 F.3d 492, 498 (2d Cir. 2004)). Regarding the exclusion of alibi witness testimony, the Supreme Court in Taylor v. Illinois, 484 U.S. 400, 417 (1988) held that the Compulsory Process Clause does not prohibit the preclusion of alibi witness testimony where defense counsel engaged in "willful misconduct" by withholding such witnesses from the prosecution. A court's decision to preclude the testimony of alibi witnesses under § 250.20(3) does not violate a defendant's Sixth Amendment right to compulsory process where defense counsel's conduct was "willful." Wade v. Herbert, 391 F.3d 135, 142 (2d Cir. 2004) (citing Taylor, 484 U.S. at 400); Reyes v. Ercole, No. 08-CV-4749 (JFB), 2010 WL 2243360, at *15 (E.D.N.Y. June 1, 2010) (barring testimony of alibi witnesses under N.Y. Crim. Proc. Law § 250.20, where the People were not notified of alibi witnesses until a few days before trial, is not an unreasonable application of Taylor where defense counsel's only explanation for the late-filing was due to the lack of an interpreter).

The Second Department's determination that "the defendant failed to demonstrate good cause for his untimely alibi notice" was neither an unreasonable application of Taylor nor an unreasonable determination of the facts in Harrison's trial. Harrison's counsel provided no reason for failing to provide alibi notices of Edwards and Brown other than the fact that he was retained only two months before trial. Trial Tr. at 226. In the "absence of qualified evidence" to the contrary, this was "willful misconduct." Wade, 391 F.3d at 142-43; see also Reyes, 2010 WL 2243360, at *15. Harrison's claim on this ground fails.

### B.     Ineffective Assistance of Trial Counsel

Harrison also argues that his trial counsel provided him with ineffective assistance, in violation of his Sixth Amendment right to counsel, by failing to provide an adequate notice of alibi under § 250.20. (See Pet. at 5.) Though the Second Department did not substantively discuss this claim, finding it only to be "without merit," Harrison, 813 N.Y.S.2d at 205, this

constitutes an adjudication on the merits. See Brown, 283 F.3d at 498. The Sixth Amendment provides that a criminal defendant "shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). To prevail on an ineffective assistance of counsel claim, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the [petitioner]." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To show prejudice under Strickland, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

1. Objective Reasonableness of Failing to Call Alibi Witnesses

As a general matter, a counsel's failure to call one of multiple alibi witnesses is not objectively unreasonable representation. See Bennett v. Fischer, 246 F. App'x 761, 764 (2d Cir. 2007). This is because "[t]he decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial." United States v. Best, 219 F.3d 195, 201-02 (2d Cir. 2000). Nonetheless, where there is "one alibi witness, and no physical evidence," defense counsel's failure to investigate or call the only alibi witness, "without explanatory detail," may constitute objectively unreasonable representation in violation of Strickland. Schulz v. Marshal, 345 F. App'x 627, 629 (2d Cir. 2009).

Harrison's case presents an almost identical situation to Schulz. As in Schulz, there was no physical evidence tying Harrison to the gun. At trial, the People called Detective Charles Costello, Jr., an expert in the Nassau County Police Department's crime lab, who testified to the

absence of fingerprints on either the recovered gun or the bullets found at the scene. Trial Tr. at 211. The defense put on no witnesses other than Harrison himself, who testified that he was inside the party at the time Officer Wilson saw an individual throw a gun underneath a car outside 45 Jackson Street. Id. at 253-54. Harrison's counsel sought to introduce Brown's and Edwards's testimony to corroborate this story. Id. at 226. His reason for failing to timely notify the People of his intention to call Brown and Edwards—that is, that he was "retained six weeks ago or two months ago," id.—lacked any "explanatory detail" as to how his actions might have constituted "a tactical decision." Once defense counsel determined that Brown and Edwards would testify to Harrison's alibi, the only duty § 250.20 imposed on counsel was to timely notify the People of his intention to call those witnesses. See N.Y. Crim. Proc. Law § 250.20(1). Harrison's counsel's failure to abide by this essentially ministerial task—with the penalty for non-compliance laid out in full-view in the statute—cannot be construed as "objectively reasonable" or "strategic" by any standard. Rather, as Harrison's counsel admitted to the court at trial, he was "not making any excuses." Trial Tr. at 226. Given the importance of Brown's and Edwards's testimony to Harrison's case and the paucity of evidence introduced at trial, it was simply unreasonable for the state court to conclude that Harrison's trial counsel's performance did not fall below an objective standard of reasonableness.

    2.  Reasonable Probability of a Different Result

"[A] 'reasonable probability' of a different result is a 'probability sufficient to undermine confidence in the outcome.'" Wilson v. Mazzuca, 570 F.3d 490, 502 (2d Cir. 2009) (quoting Strickland, 466 U.S. at 694). "The prejudice prong can be satisfied 'even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.'" Id. (quoting Strickland, 466 U.S. at 694). Where the State's case was "weak," defense counsel's failure to introduce exculpatory evidence will generally undermine the habeas court's confidence

9

in the trial's outcome. Id. at 507. In particular, where there was a lack of physical evidence; where the defendant did not make an inculpatory statement; and where the lone witness's identification of the defendant possesses some indicia of unreliability, such as cross-racial identification, a reasonable probability exists that defense counsel's failure to provide even a "weak alibi" affected the trial's outcome. See id. at 498 (reversing the district court's determination that there was not a reasonable probability that a jury would have found the defendant not guilty where these factors were present). In Harrison's case, as in Wilson, there was a lack of physical evidence and no inculpatory statement made by the defendant. (Trial Tr. at 211, 257, 260.) And while it is unclear from the record whether Officer Wilson's identification was cross-racial, it was made under similar indicia of unreliability—late at night, in a poorly-lit parking lot, from about 50 to 100 feet away, where the suspect was standing with other individuals in a group. (Id. at 149-53.) Even a "weak alibi" would have cast doubt on the People's case in the eyes of a "reasonable jury." Under these circumstances, it was unreasonable for the state court to conclude that there was not a reasonable probability that the jury's verdict may have been different.

Because Harrison was afforded ineffective assistance of counsel at trial, his petition for a writ of habeas corpus will be conditionally granted. The court notes that while § 250.20 provides for the preclusion of improperly noticed alibi witness testimony, it also provides for a three-day adjournment of trial to allow the People time to investigate the late-noticed alibi witnesses. See N.Y. Crim. Proc. Law § 250.20(3) ("[T]he court may exclude any testimony of such witness relating to the alibi defense. The court may in its discretion receive such testimony, but before doing so, it must, upon application of the people, grant an adjournment not in excess of three days."). State trial-courts are surely allowed some leeway to make their own determination as to

10

whether and how to receive improperly noticed alibi testimony. Nonetheless, where the evidence against the defendant is scant, choosing to adjourn the trial rather than wholly preclude the alibi testimony would seem to be the wiser course of action to avoid the potential of upsetting a jury verdict.

C. **Weight of the Evidence**

Harrison also claims that the verdict was "against the weight of the evidence." (Pet. at 6.) "A weight of the evidence claim, however, is purely grounded in state law." See Sweeney v. Superintendent of the Watertown Corr. Facility, No. 06-cv-0663 (SDF), 2007 WL 2176987, at *8 (E.D.N.Y. July 27, 2007) (citing N.Y. Crim. Proc. Law § 470.15(5)). Yet, a federal court may grant a writ of habeas corpus to a state prisoner "*only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 62. Consequently, the court lacks jurisdiction over Harrison's weight-of-the-evidence claim.

D. **Ineffective Assistance of Appellate Counsel**

Harrison lastly claims that he received ineffective assistance of appellate counsel when his appellate counsel failed to raise his weight-of-the-evidence claim before the New York Court of Appeals. (Pet. at 6.) But "a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in [federal] Court." Wainwright v. Torna, 455 U.S. 586, 587 (1982) (citing Ross v. Moffitt, 417 U.S. 600 (1974)). Harrison's application to the New York Court of Appeals was such a discretionary appeal. See N.Y. Crim. Proc. Law § 460.20(4) (granting judges of the Court of Appeals discretion to hear criminal appeals from the Appellate Division). As such, Harrison's ineffective assistance of appellate counsel claim presents no constitutional question for the court to review. Consequently, the

court lacks jurisdiction over Harrison's ineffective assistance of appellate counsel claim. See Wainwright, 455 U.S. at 587.

## IV. CONCLUSION

Petitioner's application for a writ of habeas corpus is GRANTED. The Petitioner is ordered to be released unless the state affords him a new trial within ninety days of the date of this order.

SO ORDERED.

Dated: Brooklyn, New York
      May 17, 2011

/s/ NGG
NICHOLAS G. GARAUFIS
United States District Judge