UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHARLES HARRISON,

       Petitioner,

  -against-

RAYMOND J. CUNNINGHAM,

       Respondent.

-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**07-CV-4077 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

  On May 18, 2011, the court granted pro se Petitioner Charles Harrison's ("Harrison") petition for a writ of habeas corpus under 28 U.S.C. § 2254, on the grounds that Harrison's trial counsel provided him with ineffective assistance in violation of Harrison's Sixth Amendment rights. (Mem. & Order (Docket Entry # 8).) The court accordingly ordered that the District Attorney of Nassau County, New York (the "District Attorney"), either release Harrison from the remainder of his sentence or provide him with a new trial within ninety days of court's order. (Id.) Respondent, represented by the District Attorney, now moves for reconsideration. (Resp.'s Mot. (Docket Entry # 12).) For the reasons set forth below, Respondent's motion for reconsideration is granted in part and denied in part.

**I. LEGAL STANDARD**

  A motion for reconsideration will only be granted if the moving party can establish: "(1) that the court overlooked controlling decisions or data; (2) that there has been a change in controlling law; (3) that new evidence has become available; or (4) that reconsideration is necessary to correct a clear error or prevent manifest injustice." Hughes v. McWilliams, No. 04-CV-7030 (KMW), 2009 WL 2971757, at *1 (S.D.N.Y. Sept. 16, 2009) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "As a general matter, reconsideration is an

exceptional remedy and will generally be denied . . . ." Gayle v. Harry's Nurses Registry, Inc., No. 07-CV-4672 (NGG) (MDG), 2010 WL 5477727, at *3 (E.D.N.Y. Dec. 30, 2010). Courts narrowly construe and strictly apply the rules governing motions for reconsideration in order to avoid "repetitive arguments on issues that have already been considered fully by the court." Caleb & Co. v. E.I. Du Pont De Nemours & Co., 624 F. Supp. 747, 748 (S.D.N.Y. 1985).

## II. DISCUSSION

### A. Preclusion of Alibi Testimony at Trial

On September 19, 2002, Harrison was convicted in New York Supreme Court, Nassau County, of criminal possession of a weapon in the third degree, possession of a defaced firearm, and possession of a loaded firearm. Trial Tr. at 530, People v. Harrison, Ind. No. 258N-2002 (N.Y. Sup. Ct., Nassau Cnty. Sept. 12, 2002). At trial, the People offered four witnesses: Hempstead Village Police Officers Steven Wilson ("Officer Wilson") and Mark Williams ("Officer Williams"), and Nassau County Police Detectives Charles Costello ("Detective Costello") and Robert Nemeth ("Detective Nemeth"). Id. at 118-223. Officer Wilson testified that after responding to a disturbance in a parking lot in Hempstead, New York, he saw Harrison, with a "dark object" in his hand, arguing with a group of people. Id. at 122. An individual then alerted the group to the police's presence; Harrison then tossed the object underneath a car, and moved away from the group. Id. at 123. Wilson then retrieved the object, found it to be a defaced and loaded firearm, and arrested Harrison in a different area of the parking lot. Id. at 124-27. Officer Williams, who arrived on the scene as Officer Wilson was arresting Harrison, testified to witnessing the arrest, id. at 186; Detective Costello testified to the fact that no latent fingerprints were found on the gun, id. at 211; and Detective Nemeth testified to the fact that the gun's serial number had been defaced, id. at 222.

Seven days after trial began, and after the People had rested their case, Harrison's attorney, Dennis Lemke, attempted to introduce testimony from two of Harrison's friends, Angelo Brown ("Brown") and Hakeem Edwards ("Edwards").  Id. at 226.  Mr. Lemke made an offer of proof to the court that Brown and Edwards would testify that they were attending a party nearby the parking lot with Harrison, and that Harrison, Brown, and Edwards were exiting the party into the parking lot just as Officer Wilson was approaching the scene.  Id.  The People objected to the introduction of Brown's and Edwards's testimony because it considered Brown and Edwards to be alibi witnesses of whom the People were not timely notified under New York Criminal Procedure Law § 250.20.  Id.  Mr. Lemke argued, in substance, that he had not timely noticed Brown and Edwards as alibi witnesses because he did not believe them to be alibi witnesses and, in any event, he had only been "retained six weeks ago or two months ago."  Id.  Nonetheless, Mr. Lemke stated: "Looking at it in its most technical light, I would have to agree with the assistant district attorney [that] in some sense it does place my client at the scene, even if it was thirty seconds before [the arrest], and actually [has him ]com[ing] out of the building."  Id. at 227.  After hearing argument from the People, the trial court concluded that Brown and Edwards were alibi witnesses; found that Mr. Lemke had not timely notified the People of his intention to call them as such; and wholly precluded Brown and Edwards from testifying under New York Criminal Procedure Law § 250.20(3).  Id. at 236-37.  With Brown and Edwards precluded from testifying, Harrison testified on his own behalf and was the only witness for the defense.  Id. at 239-76.  On September 19, 2002, the jury convicted Harrison on all counts.  Id. at 350.

On September 24, 2007, Harrison filed a petition for a writ of habeas corpus in this court, alleging that Mr. Lemke had been unconstitutionally ineffective by failing to timely notice

Brown and Edwards as alibi witnesses. (Pet. (Docket Entry # 1) at 5.) On May 18, 2011, the court granted Harrison's petition, concluding that the state courts that had reviewed Harrison's ineffective-assistance-of-counsel claim on appeal were unreasonable in determining that Mr. Lemke's conduct regarding Edwards and Brown was not unconstitutionally ineffective. (Mem. & Order at 7-11.)

### B.  Respondent's Motion for Reconsideration

Respondent now moves the court to reconsider its May 18, 2011 opinion. (Resp.'s Mot.) In particular, Respondent requests that the court (1) grant its motion for reconsideration; (2) vacate its judgment granting Harrison's writ; or, (3) in the alternative, issue a stay of judgment while Respondent appeals. (Id.)

#### 1.  Prior Counsel's Conduct

Respondent first argues that the court overlooked the fact that Mr. Lemke was not Harrison's original counsel but was appointed only a month before Harrison's trial. (Resp.'s Mem. (Docket Entry # 12) at 2.) Respondent lays blame for defense counsel's failure to timely notify the People of Brown's and Edwards's testimony at the feet of Harrison's former counsel because he was counsel of record when the People made their original notice of alibi demand under New York Criminal Procedure Law § 250.20(1). (Id.) Respondent argues that "[t]hus, the worst thing Lemke did, if error at all, was not seek to take [sic] some tangible action in an effort to correct an error by prior counsel." (Id.) While it is true that Mr. Lemke was not Harrison's attorney when the People made their original notice of alibi demand, this does not account for Mr. Lemke's failure to respond to the demand from August 8, 2002, when he was appointed, to September 17, 2002—midway through his client's trial. Once Mr. Lemke decided that he was going to call Brown and Edwards as witnesses—to testify, in effect, that his client had been elsewhere when Officer Wilson spotted an individual throwing a gun underneath a car—nothing

4

prevented Mr. Lemke from submitting Brown's and Edwards's information to the People, either of his own accord or to rectify the errors, if any, of Harrison's prior attorney. It cannot seriously be contended, as Respondent does in its motion for reconsideration, that Mr. Lemke was somehow inoculated from rectifying allegedly crucial errors made by Harrison's prior counsel.

### 2. Characterization of the Precluded Witnesses

Respondent also asserts that the court overlooked the fact that Mr. Lemke did not give alibi notice of Brown and Edwards to the People because he "believed that alibi notice was not required because the witnesses were not true alibi witnesses."[1] (Resp.'s Mem. at 2.) But this belies both the facts of the case and Mr. Lemke's own statements concerning the character of Brown's and Edwards's testimony. New York Criminal Procedure Law § 250.20(1) defines an alibi as "a trial defense that at the time of the commission of the crime charged [the defendant] was at some place or places other than the scene of the crime." This was *precisely* the sort of testimony Mr. Lemke sought to elicit from Brown and Edwards: that, at the time Officer Wilson witnessed the individual throw the gun underneath the car in the parking lot, Harrison was inside the party with Brown and Edwards, not outside in the parking lot. Further, Mr. Lemke stated at trial that he agreed with the District Attorney's assessment that Brown's and Edwards's testimony did place Harrison inside the party, rather than outside in the parking lot, even if only for a short period of time. Trial Tr. at 227. Respondent cannot now argue that Mr. Lemke's "good faith" but incorrect reading of New York Criminal Procedure § 250.20 absolved him of his duties under it.

---

[1] Respondent also argues that Mr. Lemke sought to introduce Brown's and Edwards's testimony to additionally contradict some of Officer Wilson's testimony. (Resp.'s Mem. at 2.) But whether Mr. Lemke sought to introduce Brown's and Edwards's testimony for the additional purpose of attacking Officer Wilson's credibility does not address why Mr. Lemke failed to timely notify the People of his intention to otherwise introduce Brown and Edwards as alibi witnesses.

5

### 3. Evidence at Trial

Respondent also argues that the court, in assessing the potential impact Brown's and Edwards's testimony would have had on the verdict, "mischaracterized and undermined the strength of the evidence at trial [and] unfairly relied on the promise of testimony by untested witnesses which was never developed in an appropriate post-judgment hearing." (Resp.'s Mem. at 3.) This claim, however, is more accusation than argument. Respondent does not point to a controlling decision or fact overlooked by the court, demonstrate that controlling law on this point has changed, present new evidence only recently available, or suggest that the court should reconsider its reading of the trial court transcript to prevent a manifest injustice. See Hughes, 2009 WL 2971757, at *1. Respondent's argument, therefore, does not properly raise a ground for reconsideration. In any event, it was Mr. Lemke himself that offered Brown's and Edwards's alibi testimony as proof at Harrison's trial, Trial Tr. at 226, and this court was well within its discretion to rely on Mr. Lemke's own statements—made in front of the court at Harrison's trial—as to what Mr. Lemke believed Brown and Edwards would have testified to at trial.

### 4. Opportunity to Present Evidence on the Ineffective Attorney's Own Behalf

Lastly, Respondent argues that the court has ignored "well-established Second Circuit precedent" requiring a federal habeas court to provide "the assertedly ineffective attorney an opportunity to be heard and to present evidence" in his defense. (Resp.'s Mem. at 3.) It is true: "In the event that counsel accused of being incompetent is not called to testify or present evidence, the district court, before making any determination that counsel was incompetent, should provide counsel with that opportunity." United States v. Dukes, 727 F.3d 34 (2d Cir. 1984). The court may provide defense counsel with this opportunity by seeking "live testimony, affidavits, or briefs," Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998), "to explain whether

he had a strategic basis for making the challenged decisions," Barnes v. Burge, 372 F.3d 196, 201 (2d Cir. 2010). The court admittedly failed to provide Mr. Lemke with such an opportunity in its original consideration of Harrison's habeas petition. Accordingly, the court now directs Mr. Lemke, if he chooses to do so, to submit an affidavit to the court explaining why he waited until midway through trial, six weeks after he began representing Harrison, to notify the People of his intention to call Brown and Edwards as witnesses, even though he believed that Brown and Edwards would testify to the fact that Harrison was elsewhere at the time Officer Wilson witnessed the individual throw the gun under the car. Mr. Lemke shall submit his affidavit within ten days of the date of this Order.

     5.    <u>Stay Pending Appeal</u>

Respondent alternatively requests that the court stay the judgment under Federal Rule of Civil Procedure 62 and Federal Rules of Appellate Procedure 8(a) and 23(c), while he appeals this court's ruling. (Resp.'s Mem. at 3.) Because the court grants in part Respondent's motion for reconsideration, Respondent's request for a stay is denied as moot.

**III. CONCLUSION**

Respondent's motion for reconsideration is GRANTED IN PART and DENIED IN PART. Within ten days of the date of this Order, Mr. Lemke shall submit to the court an affidavit explaining his failure to timely notify the People of his intention to call alibi witnesses in Petitioner's defense, if he chooses to do so. Judgment granting Petitioner a writ of habeas corpus (Docket Entry # 11) is WITHDRAWN, pending further resolution of Respondent's motion for reconsideration. Respondent's request for a stay is DENIED as moot. The Clerk of Court is directed to mail a copy of this Order to Dennis Lemke, Esq., 114 Old Country Road, Mineola, New York, 11501-4400, by overnight mail.

SO ORDERED.

Dated: Brooklyn, New York
       June 6, 2011

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge