FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUN 22 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHARLES HARRISON,

          Petitioner,

-against-

RAYMOND J. CUNNINGHAM,

          Respondent.
----------------------------------------------------------------X

ORDER

07-CV-4077 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On May 18, 2011, the court granted pro se Petitioner Charles Harrison's ("Harrison's") petition for a writ of habeas corpus under 28 U.S.C. § 2254, on the ground that Harrison's trial counsel, Dennis M. Lemke, provided him with ineffective assistance in violation of Harrison's Sixth Amendment rights. (Mem. & Order (Docket Entry # 8).) Specifically, Harrison claimed that Mr. Lemke failed to properly provide notice to the People, under New York Criminal Procedure Law § 250.20, of the defense's intent to call two witnesses, Angelo Brown ("Brown") and Hakeem Edwards ("Edwards"), whose testimony the trial court subsequently precluded. (Id. at 2.) This court accordingly ordered that Respondent either release Harrison from the remainder of his sentence or that New York State provide him with a new trial within ninety days of court's order. (Id.) Respondent moved for reconsideration, arguing, inter alia, that the court failed to provide Mr. Lemke an opportunity to respond to Harrison's ineffective assistance claim. (Resp.'s Mot. (Docket Entry # 12).) The court then granted Respondent's motion in part to allow Mr. Lemke to file a corresponding affidavit. (Recons. Order (Docket Entry # 13).)

In his affidavit, Mr. Lemke gives various reasons for not properly noticing the People of Brown's and Edwards's testimony under § 250.20. (Lemke Aff. (Docket Entry # 15).) First, Mr. Lemke notes that the People demanded a list of alibi witnesses prior to Mr. Lemke's

1

representation. (Id. ¶¶ 2-3.) Under § 250.20(1), once the People serve such a demand on a defendant, the defendant has only eight days to respond. This time may be extended for "good cause shown." N.Y. Crim. Proc. Law § 250.20(1). Mr. Lemke contends that because *prior* counsel let more than eight days elapse after the People's demand, "it was impossible for me to file timely notice of alibi even had I wanted to, because any such notice would already be untimely because it was due months earlier." (Lemke Aff. ¶¶ 3, 10.) Mr. Lemke further contends that, in any event, he did not attempt to file a late notice of alibi because he did not believe there to be "good cause" to do so. (Id. ¶ 2.) But, as stated in this court's previous order, any putative error by prior counsel "does not account for Mr. Lemke's failure to respond to the demand from August 8, 2002, when he was appointed, to September 17, 2002—midway through his client's trial." (Recons. Order at 4.) Further, while Mr. Lemke may have believed that he did not have "good cause" to extend time to file a notice of alibi, the court notes that a least a few cases suggest that defense counsel's late entry into a case may constitute "good cause" in some circumstances. E.g., People v. Mensche, 714 N.Y.S.2d 377, 380 (3d Dept' 2000) ("[L]ate entry of defense counsel into the case may provide the required reasonable excuse for delay in service of the notice of alibi . . . ."); People v. Davis, 597 N.Y.S.2d 780, 781-82 (3d Dep't 1993) (same).

Second, Mr. Lemke states that he did not believe Brown and Edwards to be alibi witnesses, and therefore did not timely notice their testimony to the People, because they "were at the scene with the petitioner . . . [and] not elsewhere." (Lemke Aff. ¶¶ 6; 10.) But this argument is belied by Mr. Lemke's own opening statement. Mr. Lemke stated to the jury that "[t]he evidence is going to show that my client comes out of this side door [of a building adjacent to the parking lot] with two of his friends . . . [and] that they were never down by the

other officer, Officer Wilson."[1] Trial Tr. at 114, People v. Harrison, Ind. No. 258N-2002 (N.Y. Sup. Ct., Nassau Cnty. Sept. 12, 2002). This statement clearly indicates that, contrary to Mr. Lemke's assertion in his affidavit, he intended to introduce Brown's and Edwards's testimony to prove that Harrison was *inside* a building when Officer Wilson witnessed an individual toss a gun underneath a car *outside* in the parking lot, *rather* than to discredit Officer Wilson's testimony. (See Lemke Aff. ¶ 9.) As discussed in the court's Reconsideration Order, this is clearly "alibi" testimony under New York law. (Recons. Order at 5.)

Third, Mr. Lemke avers that he did not timely notice Brown's and Edwards's testimony because he did not believe that the trial court would have precluded them from testifying, in any event, because in his "fifteen years of criminal defense work in Nassau County . . . having conducted over a hundred criminal trials[, i]n no other case did [he] ever have [his] defense witnesses precluded for lack of alibi notice." (Lemke Aff. ¶ 7.) This may be so. But, where the alibi-notice statute explicitly grants state trial courts the discretion to preclude alibi witnesses solely for defense counsel's failure to properly notify the People, see N.Y. Crim. Proc. Law § 250.20(3), Mr. Lemke's surprise that the trial court exercised that authority is insufficient to Harrison's ineffective-assistance claim.

Though Mr. Lemke's affidavit does not ultimately persuade the court that he was constitutionally effective regarding his handling of Harrison's alibi defense, the court pauses to note that the ineffective assistance standard on habeas review does not ask whether defense counsel was negligent, incompetent, or even a "bad attorney." Rather, it merely asks whether, in one particular instance, defense's counsel's conduct was "objectively reasonable," and, if not,

---

[1] Mr. Lemke points out that in the court's Reconsideration Order it characterized Brown's and Edwards's alibi testimony as stating that they were leaving a *party* at the same time as Harrison rather than a *building*. (Lemke Aff. ¶ 9.) To the extent that the court confused Brown's and Edwards's testimony as leaving with Harrison from the side door of a building, as opposed to a party, this does not change the court's analysis in its order for reconsideration.

3

whether there was a reasonable probability of a different result. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Here, as stated in the court's May 18, 2011 opinion, it was objectively unreasonable for Mr. Lemke to not make an effort to properly notice the People of his intention to call Brown and Edwards as alibi witnesses. Moreover, those witnesses' testimony had at least a reasonable probability of changing the outcome of Harrison's trial. (Mem. & Order at 7-11.) This determination, however, says nothing about whether Mr. Lemke otherwise adequately represented Harrison, or about Mr. Lemke's skills as a defense attorney in general. No one should interpret this court's narrow decision differently.

Because Mr. Lemke's affidavit does not change the court's view regarding Harrison's ineffective assistance claim, the remainder of Respondent's motion for reconsideration is DENIED. The Clerk of Court is directed to reenter judgment pursuant to the court's May 18, 2011 Order. (Docket Entry # 8.) Respondent is ordered to release Petitioner from the remainder of his sentence unless the State affords him a new trial within ninety days of the date of this order.

SO ORDERED.

Dated: Brooklyn, New York
June 21, 2011

s/Nicholas G. Garaufis

_____
NICHOLAS G. GARAUFIS
United States District Judge